UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOWARD SKIDMORE, an individual; and SARAH DANCE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>J.R. SIMPLOT COMPANY,<br><br>Defendant. | Case No. 1:23-cv-00477-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiffs' Motion to Extend Discovery and Deposition Deadlines. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Plaintiffs Howard Skidmore and Sarah Dance are former employees of Defendant J.R. Simplot. They sued Simplot in October 2023, claiming that they were fired because of their religious beliefs. More specifically, they allege that Simplot wrongly terminated them after they refused to be vaccinated for Covid-19. Plaintiff Skidmore additionally alleges that Simplot "engaged in what appears to be unlawful age discrimination." *Am. Compl.*, Dkt. 3, at 2.

In July 2024, the Court issued a Scheduling Order, which required all fact

discovery to be completed by March 13, 2025. *Scheduling Order,* Dkt. 12, ¶ 6. Several weeks after that deadline passed, plaintiffs filed the pending motion to extend discovery deadlines. They ask the Court to reopen discovery for 60 days. Simplot opposes the motion.

## LEGAL STANDARD

"The district court is given broad discretion in supervising the pretrial phase of litigation," including in issuing and enforcing scheduling orders. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "The Ninth Circuit has also repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted). In short, Rule 16 of the Federal Rules of Civil Procedure, as well as the scheduling orders entered pursuant to that rule, must "be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *see also Wong v.*

*Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (recognizing that "deadlines are [to be] taken seriously by the parties, and the best way to encourage that is to enforce the deadlines").

When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the Ninth Circuit has instructed district courts to consider the following factors: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.,* 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted).

## ANALYSIS

Having considered the factors just enumerated, the Court cannot justify reopening discovery. The most obvious problem is that plaintiffs fail to establish diligence. Their bare-bones motion offers up a variety of excuses for their failure to complete discovery, including the fact that counsel is a small, local law firm, that mediation interrupted discovery, and so on. The Court is not persuaded by any of these proffered excuses. Among other things, "it is well settled that the existence of settlement talks or the potential for alternative dispute resolution is not, standing

alone, sufficient to establish good cause for an extension of the case management deadlines. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022) (citing cases). Further, Simplot filed a detailed response, explaining why plaintiffs easily could have completed discovery on time if they had acted diligently. Simplot also says it will be prejudiced if the Court were to grant plaintiffs' request, given that it had already filed a motion for summary judgment. If the Court were to reopen discovery, Simplot notes that it might have "to figure out how to incorporate new facts, new documents, and new legal arguments into its briefing (and into its defense, in general), that were not previously part of the case." *Response,* Dkt. 29, at 6. Further, plaintiffs did not file a reply brief; as such, they effectively conceded these points. Under these circumstances, the Court will deny the motion.

## ORDER

**IT IS ORDERED that** Plaintiffs' Motion to Extend Discovery and Deposition Deadlines (Dkt. 27) is **DENIED.**



DATED: August 2, 2025

B. Lynn Winmill
U.S. District Court Judge